**Vitan VITANOV, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74709.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CANBY, BEEZER and KOZINSKI, *Circuit Judges.*

MEMORANDUM**

Vitan Vitanov, a native and citizen of Bulgaria, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from the Immigration Judge's denial of his applications for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT").

■ We lack jurisdiction to review the BIA's determination that Vitanov did not meet the one-year deadline and did not qualify for an exception to the deadline for filing his asylum application. *See Ramadan v. Gonzales,* 427 F.3d 1218, 1221–22 (9th Cir.2005).

We have jurisdiction over Vitanov's remaining claims under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and will uphold the BIA's decision unless the evidence compels a contrary conclusion. *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003).

■ Substantial evidence supports the BIA's denial of Vitanov's withholding of removal claim based on an adverse credibility finding. Vitanov submitted a false asylum application, omitted important information on his application, and testified inconsistently regarding other details. *See Li v. Ashcroft,* 378 F.3d 959, 962–64 (9th Cir.2004); *Kaur v. Gonzales,* 418 F.3d 1061, 1067 (9th Cir.2005) (deliberate misrepresentation of facts on asylum application supports finding of adverse credi-

Ronald G. Finch, Esq., Phoenix, AZ, for Petitioner.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Amy S. Howe, Esq., Phoenix, AZ, Thomas E. Moss, Esq., Boise, ID, for Respondent.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**514**

bility). Accordingly, his withholding of removal claim fails.

Because Vitanov's claim under the CAT is based on the same testimony that the BIA found not credible, and he points to no other evidence that he could claim the BIA should have considered in making its determination under CAT, his CAT claim also fails. *See Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**